**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL SCHIFF,<br><br>                Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SERVICES, INC., *et al.*,<br><br>                Defendants. | Civil Action No. 21-01167 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Experian Information Services, Inc.'s ("Experian" or "Defendant") Motion for Judgment on the Pleadings. (ECF No. 30.) Plaintiff Daniel Schiff ("Plaintiff") opposed (ECF No. 36) and Defendant replied (ECF No. 38). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Experian's Motion is granted.

**I.    BACKGROUND**

This action arises out of alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. Plaintiff does not dispute that he defaulted on two debts owed to Capital One Bank (USA), N.A. ("Capital One"), resulting in Capital One "charging off" the accounts.[1] (Pl.'s Opp'n Br. 1-2.) Plaintiff then entered into a settlement agreement with Capital One, under which Capital

---

[1] "A charge-off is defined as '[treating] (an account receivable) as a loss or expense because payment is unlikely; to treat as a bad debt.'" *Crown Bank v. Fed. Deposit Ins.*, No. 15-3629, 2017 WL 2656015, at *2 n.2 (D.N.J. June 19, 2017) (alteration in original) (citation omitted).


One discharged Plaintiff's outstanding debts in exchange for payment of less than the full amount owed by Plaintiff. (Compl. ¶ 18; Pl.'s Experian Credit Report ("ECR") 2, Ex. B to Def.'s Moving Br., ECF No. 30-4.) Plaintiff, thereafter, noticed that his Experian credit report "listed the two accounts as '$9,246 written off' and '$6,883 written off.'"[2] (Compl. ¶ 17.; Pl.'s ECR 2.) In the same section (the "Status" section), the report also notes that both accounts were "[p]aid in settlement." (Pl.'s ECR 2.) Under the "Comment" section, the report states the accounts were "paid in full for less than full balance." (*Id.*) The report also notes the accounts were closed in August and September 2020, respectively. (*Id.*)

According to Plaintiff, the credit report is "inaccurate and materially misleading" because "the accounts are still listed as charged off even though both accounts were paid off," i.e., settled. (Compl. ¶¶ 16, 19.) Plaintiff notified Experian, a "consumer reporting agency ["CRA"] regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports," of the alleged inaccuracy on or around October 1, 2020. (*Id.* ¶¶ 7, 21.) Experian, in turn, notified Capital One of Plaintiff's dispute. (*Id.* ¶ 22.) Plaintiff alleges that, despite the alleged inaccuracy, Experian continues to "report[] this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors." (*Id.* ¶ 20.) Plaintiff also contends that he has suffered "damage for the loss of credit, loss of the ability to

---

[2] "Write off" and "charge off" can be used interchangeably. *Cooper v. Pressler & Pressler, LLP*, 912 F. Supp. 2d 178, 181 n.3 (D.N.J. 2012) ("once a consumer falls more than 180 days behind paying on a credit card debt, banks charge off [i.e., write off] the account.") (alteration in original) (internal quotations and citation omitted); *see also Shechter v. Experian Info. Sol., Inc.*, No. 20-5552, 2021 WL 323302 at *1 (Shipp, J.) (D.N.J. Jan. 31, 2021) (using "charged off" and "written off" interchangeably).

purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of potential credit denials." (*Id.* ¶ 29.)

Plaintiff filed the instant two-count action against Experian on January 26, 2021, alleging willful and negligent violations of the FCRA. (*See generally* Compl.) Counts One and Two allege that Experian failed to "follow reasonable procedures to assure the maximum possible accuracy," "correct erroneous . . . information," and "promptly and adequately investigate information . . . Experian had notice was inaccurate." (*Id.* ¶¶ 61, 68.) Experian then filed the instant Motion. (Def.'s Moving Br., ECF No. 30.) Plaintiff opposed (ECF No. 36), and Experian replied. (ECF No. 38).

**II.     LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c)[3] provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standards governing Rule 12(c) motions are the same ones that govern motions to dismiss under Rule 12(b)(6)." *Allah v. Hayman*, 442 F. App'x 632, 635 (3d Cir. 2011) (citing *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004)). "Like Rule 12(b)(6), Rule 12(c) requires the Court [to] 'accept the allegations in the complaint as true[] and draw all reasonable factual inferences in favor of the plaintiff.'" *Syncsort Inc. v. Sequential Software, Inc.*, 50 F. Supp. 2d 318, 324 (D.N.J. 1999) (quoting *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991)). A court may grant a motion for judgment on the pleadings only if the movant "clearly establishes that no material issue of fact remains to be resolved and that [the movant] is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (citation omitted).

---

[3] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

## III. DISCUSSION

### A. The FCRA Claims

The FCRA was enacted "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010). A CRA "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). When, as here, a consumer disputes information contained in a credit report to a CRA, the CRA "must report the disputed information to the furnisher that provided it . . . and reinvestigate the dispute." *Hafez v. Equifax Info. Servs.*, No. 20-9019, 2021 WL 1589459 (D.N.J. Apr. 23, 2021) (citing 15 U.S.C. § 1681i(a)(1)(A) and 15 U.S.C. § 1681i(a)(2)(A)).

"The FCRA also has several provisions that create liability for" claims of "willful . . . [and] negligent noncompliance with any portion of the Act." *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) (citing 15 U.S.C. §§ 1681n-o). To state a claim under 15 U.S.C. §§ 1681e or 1681i, as Plaintiff alleges here, "[a] showing of inaccuracy" in the credit report is "essential." *Shechter v. Experian Info. Sol., Inc.*, No. 20-5552, 2021 WL 323302, at *3 (D.N.J. Jan. 31, 2021) (Shipp, J.); *Shastri v. Experian*, No. 21-10085, 2021 WL 2896001, at *2 (July 9, 2021) ("[I]n order to make out a prima facie violation of the [FCRA], the Act . . . requires that a consumer . . . present evidence tending to show that a [CRA] prepared a report containing inaccurate information.") (internal quotations and citation omitted); *Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) (holding that plaintiffs "must show that their credit report contains inaccurate information" to prevail on §§ 1681e and 1681i claims).

4

"Even if the information is technically correct, it may nonetheless be inaccurate if, through omission, it creates a materially misleading impression.'" *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014) (alterations and citations omitted). As the parties do not dispute that Plaintiff notified Experian of the alleged inaccuracy or that Experian notified Capital One of Plaintiff's dispute, the Court therefore considers only whether Plaintiff has sufficiently pled that his credit report contains inaccurate information.

### B. Plaintiff's Allegations

Plaintiff claims the ECR is "inaccurate and materially misleading" because "the accounts are still listed as charged off even though both accounts were paid off," suggesting that charged off debts that have been settled should be "properly updated or deleted" in his credit report. (Compl. ¶¶ 16, 19-20.) Defendant counters, and this Court agrees, that "Plaintiff's theory of inaccuracy here is predicated on a fundamental misunderstanding of the FCRA's requirements." (Def.'s Moving Br. 5.) The FCRA expressly permits CRAs "to report certain categories of negative credit information . . . for up to seven years after those events occur." (Def.'s Moving Br. 6) (citing U.S.C. § 1681c(a)(2)-(5)). This includes "accounts placed for collection or charged to profit and loss" and "other adverse item[s] of information." (*Id.* (alteration in original).) Here, the charge offs listed on Plaintiff's ECR fall squarely within the ambit of the statute.

To charge off a debt is to "treat (an account receivable) as a loss or expense because payment is unlikely; to treat as a bad debt." *Charge Off*, Black's Law Dictionary (11th ed. 2019); *see also Crown Bank v. Fed. Deposit Ins.*, No. 15-3629, 2017 WL 2656015, at *2 n.2 (D.N.J. June 19, 2017). It follows then that a "charge off" is an account "placed for collection or charged to . . . loss" as contemplated by 15 U.S.C. § 1681c(a)(4). To be sure, a charge off "is one of the most adverse factors that can be listed on a credit report." *Artemov v. TransUnion, LLC*, No. 20-1892,

2020 WL 5211068, at *4 (E.D.N.Y. Sept. 1, 2020) (quoting *Hanks v. Talbots Classics Nat. Bank*, No. 12-2612, 2012 WL 3236323, at *1 n.2 (N.D. Cal. Aug. 6, 2012)). Thus, in addition to being an account charged to loss, the Court is satisfied a charge off also qualifies as an "adverse item of information" as contemplated by 15 U.S.C. § 1681c(a)(5).

In his Opposition Brief, Plaintiff counters by stating that he is "not alleging that no derogatory information should have been reported to the credit bureaus as a result of the charge-off," but rather, by again asserting "that the way the charge-off was reported in the 'Status' section makes it appear as though the entire debt had been written off." (Pl.'s Opp'n Br. 2.) To be clear, whether a debt is *later* settled does not change the fact that the debt had been *previously* written off and could therefore be reported as such for up to seven years. 15 U.S.C. § 1681(c)(4).

Further, Plaintiff contends that a "host of other courts . . . have found similar claims to present a plausible basis for an FCRA violation when a credit report does not accurately reflect a debt in settlement, or even a full satisfaction of the debt, after the account had been charged off." (Pl.'s Opp'n Br. 5.) In support, Plaintiff erroneously relies on several cases distinguishable from the instant case because in each of those cases there were genuine disputes as to the underlying debts.

In *Manno v. American General Finance Co.*, 439 F. Supp. 2d 418, 421-22 (E.D. Pa. 2006), "the court found an inaccuracy where the furnisher had accepted a debt in settlement over a disputed debt involving the delivery of furniture that arrived in damaged condition. The furniture company initially agreed to report the account as 'settled in full,' but continued reporting it as 'charged off.'" (Pl.'s Opp'n Br. 6.) However, there was a "genuine issue as to whether 'charged off' [was] a true characterization of the state of [p]laintiff's . . . account" because the plaintiff was sold damaged goods. *Manno*, 439 F. Supp. 2d at 434. Indeed, an employee of the defendant

"admitted that the report of a 'charge-off' was erroneous and agreed to correct it." *Id.* at 422. Conversely, here, Plaintiff does not dispute that he did incur debts, and "[n]owhere in [his] claim does Plaintiff allege that it was improper to report the historical fact of the charge-off." (Pl.'s Opp'n Br. 1-2.)

Similarly, Plaintiff relies on *Rogers v. Equifax Information Services et al., LLC*, No. 14-1708, 2015 WL 467408, at *1 (C.D. Cal. Jan. 13, 2015), to no avail. (Pl.'s Opp'n Br. 6.) Like *Manno*, the court in *Rogers* found the reporting of the plaintiff's account as "charged off or paid in full for less than the full balance was . . . misleading or incomplete" in light of evidence that the [p]laintiff's bank account had been "fraudulently taken over," and because the bank had "offered and agreed to reduce . . . delete . . . and/or remove all derogatory reporting from [plaintiff's] file." *Rogers*, 2015 WL 467408 at *5. Again, here, there is no dispute that Plaintiff incurred a debt, nor did Capital One make any offer to delete derogatory information from Plaintiff's file.

The gist of Plaintiff's argument is that the ECR is materially misleading because it "suggest[s] that the entire debt had been written off and remains unpaid . . . ." (Pl.'s Opp'n Br. 2.) Plaintiff asks the Court to conveniently disregard portions of the ECR noting that the debts were "[p]aid in settlement" and that the accounts were "paid in full for less than full balance." (ECR 2.) To ignore relevant portions of the ECR is to ignore the weight of authority in this Circuit. *See Samoura v. Trans Union LLC*, No. 20-5178, 2021 WL 915723, at *7 (E.D. Pa. Mar. 10, 2021) (granting CRA-defendant's motion for judgment on the pleadings and noting a court "must view the account information . . . *in its entirety*."); *Bibbs v. Trans Union LLC*, No. 20-4514, 2021 WL 695112, at *7 (E.D. Pa. Feb. 23, 2021) (granting CRA-defendant's motion for judgment on the pleadings because "[courts] must view the account information given to the creditor in its entirety"); *Egues v. Nelnet Serv., LLC*, No. 21-802, 2021 WL 3486904, at *3 (D.N.J. Aug. 9, 2021)

(granting defendant's motion to dismiss because the court "would have to parse and squint, and consider only the pay status line, as opposed to the entirety of the furnished information.") (internal quotations and citation omitted).

Viewed in its entirety, nothing reported in the ECR would materially mislead a reader into believing that Plaintiff's "entire debt had been written off and remains unpaid." (Pl.'s Opp'n Br. 2.) The ECR accurately reports that Plaintiff's debts were "written off" because they *were*, prior to settlement, written off. (Pl.'s ECR 2.) Nor does the ECR suggest Plaintiff's debts are ongoing because, immediately before the "written off" language, it clearly notes that Plaintiff's accounts were "[p]aid in settlement." (*Id.*) Further, under the "Comment" section, the report states the accounts were "paid in full for less than full balance." (*Id.*) The report also notes the accounts were "CLS" (closed) in August and September 2020, respectively. (*Id.*)

In that regard, this case is no different from *Molton v. Experian Information Solutions Inc.*, No. 02-7972, 2004 WL 161494, at *1 (N.D. Ill., Jan. 21, 2004), in which the court granted Experian's motion for summary judgment because the credit report, read in its entirety, accurately reflected the plaintiff's account, or *Shechter*, 2021 WL 323302, at *1, in which the same attorney in the instant case made a similar claim against the same defendant in the instant case. In *Schecter,* this Court granted Experian's motion to dismiss, finding that the plaintiff failed "to plausibly allege his credit report contain[ed] inaccurate information" because the reporting of an indisputable charge off does not misleadingly suggest an "ongoing . . . payment obligation." *Schecter,* 2021 WL 323302, at *3-4. The Court reaches the same conclusion here and finds the information contained in the credit report to be neither inaccurate nor materially misleading. Accordingly, there are no material issues of fact to be resolved and Experian is entitled to judgment as a matter of law.

8

IV.  **CONCLUSION**

For the reasons set forth above, and for other good cause shown, Defendant's Motion for Judgment on the Pleadings is granted, and Plaintiff's Complaint is dismissed with prejudice. The Court will enter an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE